IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION


UNITED STATES OF AMERICA

V.                                                    CASE NO. 4:19CR00304-1 JM

EARNEST GIBSON IV

ORDER

Pending is the Defendant's *pro se* motion seeking amendment of his sentence and compassionate release. (Doc. No. 9).

Defendant asks the Court to reduce his 30-day term of imprisonment for possession of a prohibited object by a prison inmate, a violation of 18 U.S.C. § 1791(a)(2), to eliminate the BOP's mandatory aggregation of his sentences. Defendant claims the aggregation of this sentence with his 240-month sentence renders him ineligible to apply First Step Act credits because the § 1791 sentence is a disqualifying offense under the First Step Act. He further asserts that his health conditions constitute an extraordinary and compelling reason to grant him early release from prison.

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) authorizes courts to modify terms of imprisonment as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of

the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--

(i) extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

After review of the Defendant's motion and the response of the United States, the Court finds that the Defendant has failed to demonstrate an extraordinary and compelling reason that would justify a sentence reduction, and the applicable factors in 18 U.S.C. § 3553(a) do not support granting a reduction. Accordingly, the motion (Doc. No. 9) is DENIED.

IT IS SO ORDERED this 3rd day of March, 2026.

_____
James M. Moody Jr.
United States District Judge